**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4119**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

EDGAR ALFRED ROSS, III,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry M. Herlong, Jr., Senior
District Judge.  (6:11-cr-02202-HMH-1)

Submitted:  September 24, 2013     Decided:  September 26, 2013

Before NIEMEYER and THACKER, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  Elizabeth Jean Howard, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Edgar Alfred Ross, III, pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), and possession with intent to distribute marijuana, in violation of 18 U.S.C. § 841(a)(1), (b)(1)(D) (2006). The district court sentenced Ross to concurrent terms of seventy-eight months' and sixty months' imprisonment, respectively. Ross's counsel has submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Ross's sentence is reasonable. Ross was advised of his right to file a pro se supplemental brief, but he has not done so. We affirm.

Because Ross did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Ross must establish that an error occurred, was plain, and affected his substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the record establishes that the district court substantially complied with Rule 11's requirements, ensuring that Ross's plea was knowing and voluntary.

Ross's counsel questions whether the district court erred in imposing a total sentence of seventy-eight months' imprisonment. We review Ross's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the 18 U.S.C. § 3553(a) (2006) sentencing factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a)

factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Because the district court correctly calculated and considered as advisory the applicable Guidelines range and adequately explained its sentencing determination, we conclude that Ross's sentence was procedurally reasonable. Furthermore, our review of the record leads us to conclude that Ross has not overcome the presumption of reasonableness applicable to his within-Guidelines sentence. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Ross.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Ross's convictions and sentence. This court requires that counsel inform Ross, in writing, of the right to petition the Supreme Court of the United States for further review. If Ross requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ross.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before this court and argument would not aid the decisional process.

AFFIRMED